UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DAVA DANIELLE POUND,<br><br>  Defendant. | No. 5:25-CR-051-H-BV-1 |

**MEMORANDUM OPINION AND ORDER**

Dava Danielle Pound is charged with production of child pornography, in violation of 18 U.S.C. § 2251(a). The government sought to detain Pound pending trial, arguing that no condition or combination of conditions would reasonably assure the safety of the community or her presence as required. Dkt. No. 14-1 at 1. Pound was brought before Magistrate Judge Mark Lane, who held a hearing on the government's motion to detain. *Id.* at 1–2. After considering the evidence and the parties' arguments, Judge Lane denied the government's motion for pretrial detention and ordered Pound released on conditions. *Id.* at 7. Although acknowledging particular concern for Pound's sexual abuse of children, Judge Lane concluded that the government failed to meet its burden. *Id.*

The government seeks review of Judge Lane's release order. *Id.*; *see* 18 U.S.C. § 3145(a)(1). If a magistrate judge orders a person released, the attorney for the government may file a motion for revocation of the order before the court having original jurisdiction. 18 U.S.C. § 3145(a)(1). The Court reviews the magistrate judge's determination de novo. *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). At issue is whether the evidence presents a "lack of reasonable assurance of *either* the defendant's appearance *or* the safety of others or the community," but "both are not required." *United States v. Fortna*, 769 F.2d

243, 249 (5th Cir. 1985) (emphasis in original); 18 U.S.C. § 3142(e). It is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where a person is charged with an offense involving a minor victim under 18 U.S.C. § 2251(a). *See* 18 U.S.C. § 3142(e)(3)(E)(1). In addition to the rebuttable presumption, the Court also considers the statutory factors under Section 3142(g), which include "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)–(4).

Evidence admitted at the detention hearing shows by clear and convincing evidence that this case presents a serious risk of danger to the community. First, Pound's charged offense, production of child pornography, is serious and weighs in favor of detention. *See United States v. Slaughter*, 612 F. Supp. 3d 702, 706–07 & n.4 (S.D. Tex. 2020) (compiling an array of cases that make clear that child pornography crimes are serious offenses). Pound allegedly created multiple sex videos by filming prepubescent children on separate occasions. Dkt. No. 14-1 at 3–4; GX A at 3. These circumstances clearly pose a threat of danger to the community.

In addition, the weight of the evidence is substantial and supports pretrial detention. The evidence of the child pornography includes a female voice instructing the child on how to use a sex toy, and the case agent identified that Pound's voice matches this female voice. GX A at 3–4. Also, on the account where the videos were found and during the timeframe the videos were suspectedly produced, there was a picture of a female in the shower that

showed her face and a nametag displaying the name "Dava Pound."  GX A at 3.  The children that are the alleged victims in the case also stated during forensic interviews that they are familiar with the sex toys that were used in the videos, "would take showers with [Pound] because of difficulty washing their own hair," and experienced physical abuse by Pound.  GX C at 1–2.  Additionally, the government's polygraph report states that Justin Liford, who was arrested for possession of the child pornography allegedly produced by Pound, stated that Pound filmed herself "showering nude with . . . children," but she "tried to tell everyone [Liford] was doing it."  GX D at 2; Dkt. No. 14-1 at 12.  Pound also admitted to filming children in the shower, although claiming "it was not inappropriate."  GX E at 2; Dkt. No. 14-1 at 12.

Further, the history and characteristics of Pound weigh in favor of detention.  The evidence in the record demonstrates that Pound has weak ties to the Northern District of Texas.  Pound stated that if she were released, she would live with her mother in Anna, Texas.  Dkt. No. 14-1 at 3–4.  However, Anna, Texas is outside the Northern District of Texas, and Pound's mother's testimony at the detention hearing demonstrated that Pound's mother "did not know what [Pound] did when [Pound] was not living with [her]" and that Pound "[does not] listen to" her.  Dkt. No. 14-1 at 6–7.  The evidence further revealed that Pound consistently moved to different cities with her children to live with men she was dating at the time; the father of her children lives in Arkansas; and Pound has been unemployed since October 2024—all collectively suggesting a lack of established residential, familial, and employment-related ties within this District.  Dkt No. 14-1 at 4, 6–7; GX C at 1.

And regardless of the evidence of Pound's ties to the Northern District of Texas, Pound's history and characteristics still pose a great threat to the safety of another person or the community if she is released. The forensic interviews of Pound's children demonstrate that Pound has a pattern of physical abuse. GX C. Pound also allegedly used children to produce child pornography, which exhibits her "ability to deceive and manipulate minor victims," especially those entrusted in her care. *United States v. Galvan*, No. 3:20-CR-00019, 2020 WL 4604502, at *5 (S.D. Tex. Aug. 11, 2020).

Lastly, the nature and seriousness of the danger to any person or the community that would be posed by Pound's release is grave and weighs in favor of pretrial detention. The "existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." *Id.* at *5 (quoting Child Pornography Prevention Act of 1996, Pub. L. No. 104–208, 110 Stat. at 3009–27 (codified at 18 U.S.C. § 2551)). Further, the offense allegedly involves minor victims, which poses an undoubtable threat to both her children and the community.

The defendant asserts that the government is attempting now before this Court to improperly improve upon the facts and arguments that it made at the detention hearing. Dkt. No. 26 at 1–2, 6–8. But the Court may supplement its independent consideration of the record before the magistrate judge with additional findings and additional evidence presented to the Court. *See Fortna*, 769 F.2d at 249–50.

Additionally, the defendant relies on the fact that the defendant was compliant and cooperative during the arrest, that the defendant will not have contact with her children, that the alleged crime occurred "years ago" if at all and "there was no reason to believe anything else has happened since then," and that conditions of release could protect the

– 4 –

public by having the defendant's mother take custody and supervise the defendant.  Dkt. No. 26 at 2–6.

Regardless of whether the defendant will have contact with her children, she states that she will live with her mother in Anna, Texas.  *See id.* at 6.  But the bond report notes that there is an elementary school, a Montessori, and two parks within a 176-yard radius of the mother's residence.  *See* Dkt. No. 16 at 4.  And the magistrate judge noted that the defendant does not listen to her mother—or at least has not in the past.  Dkt. No. 10-1 at 32–34.  The defendant asserts that her mother would prevent the defendant from having access to a phone unless the mother was in the room to listen or from having car keys, and she claims that the mother would alert the authorities if the defendant violated any conditions of release.  Dkt. No. 26 at 4–5.  But the defendant's mother is only one person, and the Court does not find that the mother could always keep watch of the defendant and prevent the defendant from having any meaningful access to the internet or to minors.  And it is irrelevant that the mother would report any violations of conditions because the Court is concerned with the safety of the public, not whether the defendant will be reported for her violations.  The mother's reporting would not undo the harm that may occur from violations.  And finally, the fact that the allegations concern events in 2023 does not properly suggest that there is no present danger to the victims or the community.

The Court finds that the defendant failed to rebut the presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(E).  But even if the defendant had sufficiently produced sufficient rebuttal evidence, the "presumption is not a mere 'bursting bubble' that totally disappears from the judge's consideration after the

defendant comes forward with evidence." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). The presumption is a factor in the Court's determination to be "weighed in evidentiary balance." *Id.* at 798–99. Assuming without deciding that Pound would not be a flight risk, the finding that Pound is a danger to the community is dispositive to the Court's conclusion that detention is necessary. *See Fortna*, 769 F.2d 243 at 249.

After conducting de novo review of the government's exhibits, the relevant law, the detention-hearing transcript, and the parties' arguments, the Court concludes that the government has proven by clear and convincing evidence that no condition or combination of conditions of supervision would reasonably assure the safety of the alleged victims in this case or the community. The order of the magistrate judge denying the motion for pretrial detention and order setting conditions of release is therefore revoked.

So ordered on May 7, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE